(Superior Court of Cincinnati—*Special Term, June*, 1894.)

### DOANE v. DONOUGH.

*Equity Power of Court to appoint a Receiver.*

HUNT, J.

In this case we hold that the usages of courts of equity as to the manner of appointing a receiver, where it is not otherwise provided by statute, will apply to cases arising under the code.

This is an action to sell a leasehold estate for the non-payment of rent, to secure which a lien was reserved. The rent is payable quarterly, and

there is a balance due on the September payment, as well as a default for the full installments payable in December and March following.

It was the contention of defendant that no power existed in the court under section 5587 to appoint a receiver, inasmuch as this was not one of the cases enumerated under this section.

Paragraph 6 of this section vests in the court the power to appoint a receiver "in all other cases where receivers have heretofore been appointed by the usages of equity."

The court, in *C., S. & C. R. R. Co.* v. *Sloan*, 31 Ohio St. 1, held that a provisional receivership is something more stringent than even an injunction. It should only be granted in cases of apparent necessity. It is an equitable remedy, and stands in a similar relation to courts of equity that attachment proceedings bear to courts of law.

To deny a receiver in this case would be to cast upon the plaintiff the whole hazard of a situation caused by the default of the defendant, and, in effect, would permit the defendant to profit by every delay that might be interposed to the progress of the case.

Motion granted.

*Bateman & Harper*, for motion.

*Chas. J. Hunt*, contra.